IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCOS SANTIAGO, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00648 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Marcos Santiago, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Santiago asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his convictions under 18 U.S.C. § 922(g) are invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition, raising a number of arguments as to why Santiago's petition should be dismissed or denied. The first of these is dispositive, and the court does not reach the remainder.

As respondent notes, Santiago already raised the same *Rehaif* issue in a 28 U.S.C. § 2241 petition before another federal district court, and that ruling is currently on appeal before the United States Court of Appeals for the Seventh Circuit. As a result, his petition before this court is second or successive, and, pursuant to 28 U.S.C. § 2244(a), the court should not entertain it. For this reason, explained in more detail below, the court will dismiss Santiago's § 2241 petition.

I. BACKGROUND

The prior court where Santiago filed a § 2241 petition summarized the procedural background of his underlying criminal case as follows:

> In 2004, petitioner was found guilty by a jury of three violations of the Hobbs Act, 18 U.S.C. § 1951, arising from armed robberies of hotels; one count of conspiracy, in violation of 18 U.S.C. § 1951(a); three counts of possession of a firearm in furtherance of

>   a crime on violence, in violation of 18 U.S.C. § 924(c); one count
>   of carjacking, in violation of 18 U.S.C. § 2119; and two counts of
>   being a felon in possession of a firearm in violation of 18 U.S.C.
>   § 922(g)(1). *Santiago v. United States*, No. Civ.A.07-253 RMB,
>   2008 WL 1991627, at *1 (E.D. Pa. May 8, 2008).[1] According to
>   his presentence investigation report, petitioner's criminal history
>   included a guilty plea in 1999 [to] theft by unlawful taking,
>   criminal trespass – breaking into a structure, in Lancaster County,
>   PA. There, petitioner was sentenced to "time served (4 months
>   and 20 days) to 23 months imprisonment." In June 2000,
>   petitioner's parole was revoked, and he was resentenced to serve
>   the balance of the maximum time. In October 2000, petitioner was
>   again revoked and resentenced to serve the balance of the
>   maximum time. In 2005, on the robbery case, petitioner was
>   sentenced to a total term of 402 months' imprisonment. *Id.* at *2.
>   His conviction and sentence were affirmed on direct appeal, and
>   his first 28 U.S.C. § 2255 motion was rejected. *Id.* Petitioner then
>   brought a petition under 28 U.S.C. § 2241 in the Northern District
>   of West Virginia. *Santiago v. Caokley*, No. 18-CV-110, 2018 WL
>   5569429 (N.D. W. Va. Oct. 4, 2018). There, the court dismissed
>   petitioner's petition without prejudice since the issues presented in
>   the petition were the same as those in petitioner's request to file a
>   second § 2255, which at the time was still pending in the United
>   States Court of Appeals for the Third Circuit. *Id.* at *7. The Third
>   Circuit then granted petitioner's petition for a second or successive
>   § 2255, and that motion is pending.[2] Petitioner now brings a
>   § 2241 habeas corpus petition under *Rehaif*.

*Santiago v. Christopher Rivers, Warden*, No. 3:19-cv-50273, ECF No. 40, at 1–2 (N.D. Ill. July 20, 2020).

The Northern District of Illinois addressed Santiago's § 2241 petition, concluding that his motion must be denied because he could not show that he was "actually innocent" as required to obtain relief under § 2241 in the Seventh Circuit. *Id.* at 3. In particular, the court reasoned that in light of his sentence for his 1999 theft and criminal trespass conviction, "[n]o reasonable jury

---

[1] The cited case was the sentencing court's opinion denying Santiago's first § 2255 motion.

[2] At the time that the quoted decision was issued, the § 2255 motion authorized by the Third Circuit had not yet been ruled upon. The docket sheet in that case, *United States v. Santiago*, Case No. 2:03-cr-00157-TJS-1 (E.D. Pa.), reflects that the § 2255 motion still remains pending. As explained by the Illinois court, Santiago's authorized § 2255 motion "argues that his 18 U.S.C. § 924(c) convictions must be vacated because Hobbs Act robbery no longer qualifies as a 'crime of violence' under *Johnson v. United States*, 135 S. Ct. 2551 (2015)." *Santiago v. Christopher Rivers, Warden*, No. 3:19-cv-50273, ECF No. 40, at 2 n.1 (N.D. Ill. July 20, 2020).

would find that petitioner did not know that he had previously been convicted of a crime that carried a sentence of imprisonment in excess of one year." *Id.* As that court's decision clearly states, it denied Santiago's *Rehaif* claim on its merits. *Id.* at 3 n.2.

Santiago appealed that denial and filed numerous motions before the appellate court. At one point, in January 2021, the Seventh Circuit dismissed his appeal based on Santiago's request to withdraw it pursuant to Federal Rule of Civil Procedure 42(b). *See Santiago v. Streeval*, No. 20-2665, ECF No. 20 (7th Cir. Jan. 19, 2021) (order granting motion to withdraw and dismissing case).[3] But it then reinstated his appeal and appointed counsel. *Id.*, ECF Nos. 33, 34. The appeal was fully briefed and was argued before the Seventh Circuit in November 2021, but no decision has yet been issued. *See generally Santiago v. Streeval*, No. 20-2665 (7th Cir.).

## II. DISCUSSION

Under 28 U.S.C. § 2244, a petitioner's ability to relitigate the same claims before different courts is limited. That provision states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

Although the Fourth Circuit does not appear to have spoken on the issue in a published decision, there is ample caselaw from other circuits holding that § 2244(a) precludes consideration of a subsequent § 2241 petition raising the same issues as a prior petition dismissed on the merits. *E.g.*, *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (noting applicability of § 2244(a) to § 2241 petitions and affirming district court's dismissal of petition

---

[3] After Santiago was transferred to USP Lee, where Warden Streeval became Santiago's custodian, Streeval was substituted for Rivers.

under § 2244(a)); *Simon v. United States*, 359 F.3d 139, 143 n.7 (2d Cir. 2004) ("[Section] 2244(a) permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition.") (citing *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997)); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) ("[Section] 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence."); *see also Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (concluding that the district court erred in declining to apply § 2244(a) to the a § 2241 petition of an Immigration and Naturalization Service detainee because he was not being held "pursuant to a judgment of a court of the United States," but citing favorably to *Valona*). And, in at least three unpublished decisions, the Fourth Circuit has affirmed the dismissal of a § 2241 petition under 28 U.S.C. § 2244. *E.g.*, *Edwards v. Purdue*, 613 F. App'x 276 (4th Cir. 2015); *McLean v. Warden, FCI Estill*, 599 F. App'x 78 (4th Cir. 2015); *Trader v. United States*, 191 F.3d 448, 1999 WL 700181 (4th Cir. 1999) (unpublished table decision).

Consistent with this authority, district courts within the Fourth Circuit also have refused to consider § 2241 petitions where the issues raised were addressed on the merits in a prior petition. *E.g.*, *Alley v. Warden, FCC Petersburg*, No. 3:19CV339, 2020 WL 2735922, *2 (E.D. Va. May 26, 2020); *Reynolds v. Saad*, No. 1:17CV124, 2018 WL 3374155, at *4 (N.D.W. Va. July 11, 2018), *aff'd,* 738 F. App'x 216 (4th Cir. 2018) (relying on § 2244(a) and the "doctrine of the abuse of the writ" to conclude that the petitioner's claims—which were raised and denied in prior petitions or could have been raised in the prior petitions—were barred from consideration); *McLean v. Warden, FCI Estill*, Civil Action No. 9:13-3022-MGL-BM, 2014 WL 4954882, at *2 (D.S.C. Sept. 30, 2014), *aff'd* 599 F. App'x 78 (4th 2015); *Quiller v. Wilson*, No. 1:12cv426(LO/JFA), 2012 WL 6725612, at * (E.D. Va. Dec. 12, 2012) (calling it "well

4

established that § 2244(a) . . . bars second or successive § 2241 applications that seek to relitigate issues that were adjudicated in a prior § 2241 proceeding").

This authority is squarely applicable here. The precise *Rehaif* claim that Santiago raises here is the same one he already litigated in his § 2241 petition in the Northern District of Illinois, and his appeal from the denial of that petition remains pending before the Seventh Circuit. In his briefing before this court, Santiago does not contest that his *Rehaif* claim was previously addressed in the Illinois district court, nor does he make any attempt to distinguish the claim he makes here. Instead, he merely points out what he believes were errors in that court's decision. (Pet'r's Resp. 4, Dkt. No. 18.) But those errors are issues that Santiago could have raised in his appeal, and perhaps he or his later-appointed counsel did so. In short, even if he is correct about those errors, Santiago's arguments do not obscure the clear fact that his *Rehaif* claim was, in fact, addressed by that court. Pursuant to § 2244(a), then, this court is not "required to entertain" his petition, and it will dismiss it as successive.

### III.  CONCLUSION

For the reasons stated, the court will dismiss Santiago's petition as successive pursuant to 28 U.S.C. § 2244(a).

Entered: March 25, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge